# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Samuel Der-Yeghiayan | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1615 | **DATE** | 3/27/2012 |
| **CASE TITLE** | Maria Guzman vs. John H. Stroger Hospital | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the instant action is hereby dismissed. All pending dates and motions, if any, are hereby stricken as moot. Civil case terminated.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Maria Guzman's (Guzman) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Guzman previously filed an action before this court in case number 11 C 8925. Guzman alleged in that case that she was discriminated against in 2004. Guzman also alleged that she filed a charge with the EEOC in 2005, and that she did not receive a right-to-sue letter from the EEOC until September 21, 2011. Guzman, however, did not provide the court with a copy of her EEOC charge or her right-to-sue letter in case number 11 C 8925, even though she referenced it in the complaint. On January 26, 2012, the court gave Guzman until February 9, 2012 to file a copy of her EEOC charge and her right-to-sue letter. The court also warned Guzman that failure to file with this court a copy of her EEOC charge and her right-to-sue letter by February 9, 2012 would result in the dismissal of the instant action. Guzman failed to file a copy of her EEOC charge or her right-to-sue letter by February 9, 2012, and on February 27, 2012, the court dismissed case number 11 C 8925.

On March 5, 2012, Guzman filed the instant action, alleging the same facts as in case 11 C 8925. However, Guzman cannot excuse her failure to comply with the court's deadline in case 11 C 8925 and the dismissal of that case by filing a new case. In addition, Guzman has attached two EEOC charges to her

| STATEMENT |
|---|

complaint in this action. Guzman has also attached a right-to-sue letter. The EEOC charges attached to the complaint in this case both relate to EEOC Charge Number 2005CF2261. However, the right-to-sue letter states that it relates to EEOC Charge Number 21B-2005-01131. There is no indication on the right-to-sue letter that it relates to Guzman's allegations against Defendant John H. Stroger Hospital regarding Guzman's termination in 2004. Thus, Guzman has still not provided the court with the requisite documents.

In addition, as the court previously stated, a plaintiff has 90 days following the receipt of a right-to-sue letter from the EEOC to commence a Title VII action. *See, e.g., Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011)(citing 42 U.S.C. § 2000e–5(f)(1)). Thus, even if the right-to-sue letter attached to the complaint does relate to the allegations in the instant action, Guzman received the letter on September 21, 2011, and the complaint was filed on March 5, 2012, which makes the complaint untimely. Guzman has not shown that any equitable tolling doctrines are applicable in this instance. Therefore, based on the above, the instant action is dismissed.